FILED'08 JUL 16 15:40 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRACY EUGENE MCCOY,             CV 07-1859-MA

    Petitioner,               OPINION AND ORDER

   v.

J.E. THOMAS,
Warden, FCI-Sheridan,

    Respondent.

TRACY EUGENE MCCOY
Federal Register Number 68738-065
Federal Correctional Institution
PO Box 5000
Sheridan, OR  97378-5000

    Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) in Sheridan, Oregon, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On February 7, 2006 the Honorable Anna J. Brown of this district sentenced Petitioner to 96 months imprisonment, 3 years supervised release, and $4,980 in restitution, after Petitioner pleaded guilty to three counts of Bank Robbery in violation of 18 U.S.C. § 2113(a).

On December 19, 2007 Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#2), and a Motion for Appointment of Counsel (#4). According to Petitioner, when he arrived at FCI Sheridan the BOP began unlawfully withdrawing monthly payments of $25 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq.* Petitioner requests this Court issue a Writ of Habeas Corpus commanding Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to require him to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.

On February 6, 2008 Respondent filed a Response (#9) in

2- OPINION AND ORDER

which Respondent contends that the BOP does have authority to collect restitution payments from Petitioner because the sentencing order stated that restitution was "due immediately," and "shall be due during the period of imprisonment." Respondent also contends that, notwithstanding Petitioner's averments to the contrary, he is actually making voluntarily restitution payments.

On March 24, 2008 Petitioner filed a Reply (#11) in which he states, "Petitioner maintains, and BOP policy confirms [,] that if the Petitioner does not "volunteer" to pay whatever minimum payment that BOP unlawfully imposes, that [sic] he will have to stay in prison longer and that while he is in prison he will be less safe than he would normally be."

## DISCUSSION

First, as in *West v. Thomas*, 2008 WL 2704460 (D. Or. July 2, 2008), I credit as true this Petitioner's testimony that he does not wish to make payments toward his restitution sentence voluntarily.

Second, I concur with Petitioner that Judge Brown did not set a payment schedule for payment of restitution during the period of imprisonment, as required by *U.S. v. Gunning*, 401 F. 3d 1145, 1150 (9th Cir. 2005)(*Gunning II*), in order for the BOP to lawfully collect restitution payments from prisoners. The sentencing order, captioned "Judgment in a Criminal Case" contains many references to Petitioner's restitution sentence,

3- OPINION AND ORDER

such as on the "Supervised Release" page, which states "The defendant shall pay full restitution in the amount of $4,980.00, as indicated below." The "Criminal Monetary Penalties" page lists the victims to whom restitution is to be made, and the amounts to each, in addition to stating that interest on the restitution amount is waived. Finally, the "Schedule of Payments- Supervised Release" page contains an "x" next to the phrase, "Special instruction regarding the payment of criminal monetary penalties: Restitution in full is due and payable immediately; if there is any unpaid balance at the time of defendant's release from custody, it shall be paid at the maximum installment possible and not less than $50 per month." Below this phrase appears a boilerplate paragraph stating "criminal monetary penalties shall be due during the period of imprisonment," if it is imposed, payable to the Clerk of Court. These are all of the Court's words on Petitioner's restitution sentence, none of which amount to a set schedule for payment of restitution during the period of imprisonment. Whether Judge Brown intended for Petitioner to pay down his restitution debt during imprisonment by stating that restitution was payable immediately and due during imprisonment is not the question presented. The question is, "Did the sentencing order set a schedule by which Petitioner was to make restitution payments during imprisonment?" The answer is, "No."

4- OPINION AND ORDER

Accordingly, I find that the BOP did not have authority to collect restitution payments from Petitioner. I further find that the BOP does not have authority to sanction Petitioner for not making restitution payments by withholding the benefits of otherwise satisfactory participation in the IFRP.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt." All other outstanding motions are denied as moot.

IT IS SO ORDERED.

DATED this 16 day of July, 2008.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

5- OPINION AND ORDER